Dear Mr. Schultz:
On behalf of a majority of the members of the Miami-Dade County Value Adjustment Board, you ask substantially the following question:
May the Miami-Dade County Value Adjustment Board consider and act upon petitions filed by taxpayers requesting that the "just value" or market value of their currently-owned homestead property be increased?
In sum:
The Miami-Dade County Value Adjustment Board may consider and act upon petitions filed by taxpayers to adjust the market value of currently-owned property, whether such petition seeks an increase or decrease in valuation.
Section 192.011, Florida Statutes, requires the property appraiser to "assess all property located within the county, except inventory, whether such property is taxable, wholly or partially exempt, or subject to classification reflecting a value less than its just value at its present highest and best use." The "[a]ssessed value of property" is defined as the "annual determination of the just or fair market value of an item or property or the value of the homestead property as limited pursuant to s. 4(c), Art. VII of the State Constitution[.]"[1] (e.s.) The constitution directs that by general law, regulations are to be prescribed which will "secure a just valuation of all property for ad valorem taxation[.]"[2]
(e.s.)
The Legislature has prescribed the factors which a property appraiser must consider in deriving a just valuation: the present cash value of the property; the highest and best use to which the property can be expected to be put in the immediate future and the present use of the property; the property's location; the size or quantity of the property; the property's cost and value of improvements thereon; the property's condition; income from the property; and the net proceeds from the sale of the property received by a seller.[3] All persons entitled to a homestead exemption under section 6, Article VII, Florida Constitution, [4]
"shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided in this subsection."[5] (e.s.) The constitutional provision further states:
"(1) Assessments subject to this subsection shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
a. Three percent (3%) of the assessment for the prior year.
b. The percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
(2) No assessment shall exceed just value.
(3) After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year, unless the provisions of paragraph (8) apply. Thereafter, the homestead shall be assessed as provided in this subsection.
(4) New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead, unless the provisions of paragraph (8) apply. That assessment shall only change as provided in this subsection.
* * *
(8)a. A person who establishes a new homestead as of January 1, 2009, or January 1 of any subsequent year and who has received a homestead exemption pursuant to Section 6 of this Article as of January 1 of either of the two years immediately preceding the establishment of the new homestead is entitled to have the new homestead assessed at less than just value. If this revision is approved in January of 2008, a person who establishes a new homestead as of January 1, 2008, is entitled to have the new homestead assessed at less than just value only if that person received a homestead exemption on January 1, 2007. The assessed value of the newly established homestead shall be determined as follows:
1. If the just value of the new homestead is greater than or equal to the just value of the prior homestead as of January 1 of the year in which the prior homestead was abandoned, the assessed value of the new homestead shall be the just value of the new homestead minus an amount equal to the lesser of $500,000 or the difference between the just value and the assessed value of the prior homestead as of January 1 of the year in which the prior homestead was abandoned. Thereafter, the homestead shall be assessed as provided in this subsection.
2. If the just value of the new homestead is less than the just value of the prior homestead as of January 1 of the year in which the prior homestead was abandoned, the assessed value of the new homestead shall be equal to the just value of the new homestead divided by the just value of the prior homestead and multiplied by the assessed value of the prior homestead. However, if the difference between the just value of the new homestead and the assessed value of the new homestead calculated pursuant to this sub-subparagraph is greater than $500,000, the assessed value of the new homestead shall be increased so that the difference between the just value and the assessed value equals $500,000. Thereafter, the homestead shall be assessed as provided in this subsection.
b. By general law and subject to conditions specified therein, the Legislature shall provide for application of this paragraph to property owned by more than one person."[6] (e.s.)
The provisions in subparagraph (1) are popularly called the "Save Our Homes" amendment which was passed by the electorate in 1992 to limit the increase in assessments that may be made on homestead property each year. Thus, the assessed value of homestead property, i.e., the value upon which taxes are assessed, may only be increased consistent with the constitutional "Save Our Homes" provision. The market value or "just value" of such property, however, is reflected by the factors considered by the property appraiser discussed above and would not be affected by the constitutional "Save Our Homes" limitation.
Subparagraph (8) of section 6, Article VII, Florida Constitution, was added to provide for the portability of the Save Our Homes limitation, such that a homeowner entitled to homestead exemption for the two years immediately prior to the establishment of a new homestead would be able to transfer the difference between the assessed value and the market value of the previous homestead for calculating the assessed value of the new homestead.[7]
The situation you have described, however, does not involve the establishment of a new homestead for portability purposes, rather, you propose a situation where a homeowner takes issue with the "just value" or market value that has been ascribed to the presently occupied homestead and wishes to petition the value adjustment board to argue that the "just value" or market value should be increased. This purportedly would allow a homeowner to maximize the potential portability amount allowed under section 6(8), Article VII of the Florida Constitution.
A value adjustment board is created within each county to meet for the following purposes:
"1. Hearing petitions relating to assessments filed pursuant to s. 194.011(3).
2. Hearing complaints relating to homestead exemptions as provided for under s. 196.151.
3. Hearing appeals from exemptions denied, or disputes arising from exemptions granted, upon the filing of exemption applications under s. 196.011.
4. Hearing appeals concerning ad valorem tax deferrals and classifications."[8]
A board may also meet to "hear appeals pertaining to the denial by the property appraiser of exemptions, agricultural and high-water recharge classifications, classifications as historic property used for commercial or certain nonprofit purposes, and deferrals under subparagraphs (a)2.,3., and 4."[9]
Section 194.011(1), Florida Statutes, requires each taxpayer whose property is subject to real or tangible personal ad valorem taxation to be notified of the assessment of each taxable item. Subsection (2) of the statute allows any taxpayer who objects to the assessment placed on his or her property to request the property appraiser to informally confer with the taxpayer. The taxpayer presents the facts he or she considers supportive of the claim for a change in assessment and the property appraiser or his or her representative presents the facts considered by the property appraiser to be supportive of the correctness of the assessment. Notwithstanding the option of informally meeting with the property appraiser, a taxpayer may petition the value adjustment board pursuant to section 194.011(3), Florida Statutes, regarding the assessment of his or her property.[10] A taxpayer must file a petition relating to valuation issues with the value adjustment board within twenty-five days of the mailing of the Notice of Proposed Property Taxes (TRIM Notice) by the property appraiser.[11] The notice of proposed property taxes must contain specific information and be in the format required by section 200.069, Florida Statutes. Pertinent to your question, the notice must indicate the "market value" of the property for the preceding year, the "market value" for the present year, and contain the following information:
"If you feel that the market value of your property is inaccurate or does not reflect fair market value, or if you are entitled to an exemption that is not reflected above, contact your county property appraiser at (phone number) or (location).
If the property appraiser's office is unable to resolve the matter as to market value, classification, or an exemption, you may file a petition for adjustment with the Value Adjustment Board. Petition forms are available from the county property appraiser and must be filed ON OR BEFORE (date)."[12]
While it would appear that in most instances a taxpayer would seek review by the value adjustment board of an assessment deemed too high, you have not directed my attention to, nor have I found, any statutory or constitutional provision that limits the value adjustment board's authority to review only those petitions seeking a reduction in an assessment.[13] As reflected above, section 200.069, Florida Statutes, authorizes a taxpayer to petition for adjustment if the property appraiser's office is unable to resolve the disagreement as to market value or an exemption. The discussion in this opinion is limited to consideration of the situation in which a petition to the value adjustment board seeking review of the just valuation of homestead property has been timely filed by a taxpayer who is the current owner of the homestead property.
Section 194.301, Florida Statutes, establishes a presumption of correctness when a property appraiser proves by a preponderance of the evidence that the assessment was derived by complying with section 193.011, Florida Statutes, any other applicable statutory requirements relating to classified use values or assessment caps, and professionally accepted appraisal practices. A taxpayer who challenges an assessment, however, is entitled to a determination by the value adjustment board or a court of the appropriateness of the appraisal methodology used in making the assessment. In an administrative or judicial action challenging an ad valorem tax assessment, the burden of proof is on the party initiating the challenge.[14] Section 194.301(2), Florida Statutes, [15] further provides:
"(a) If the challenge is to the assessed value of the property, the party initiating the challenge has the burden of proving by a preponderance of the evidence that the assessed value:
1. Does not represent the just value of the property after taking into account any applicable limits on annual increases in the value of the property;
2. Does not represent the classified use value or fractional value of the property if the property is required to be assessed based on its character or use; or
3. Is arbitrarily based on appraisal practices that are different from the appraisal practices generally applied by the property appraiser to comparable property within the same county.
(b) If the party challenging the assessment satisfies the requirements of paragraph (a), the presumption provided in subsection (1) is overcome, and the value adjustment board or the court shall establish the assessment if there is competent, substantial evidence of value in the record which cumulatively meets the criteria of s. 193.011 and professionally accepted appraisal practices. If the record lacks such evidence, the matter must be remanded to the property appraiser with appropriate directions from the value adjustment board or the court, and the property appraiser must comply with those directions.
(c) If the revised assessment following remand is challenged, the procedures described in this section apply.
(d) If the challenge is to the classification or exemption status of the property, there is no presumption of correctness, and the party initiating the challenge has the burden of proving by a preponderance of the evidence that the classification or exempt status assigned to the property is incorrect."
In light of the general language authorizing a taxpayer to challenge the assessment of property by the property appraiser and the specific statutory provisions setting forth the evidence necessary in such proceedings, there appears to be no impediment to seeking review of an assessment claimed to be less than the just value of homestead property. Accordingly, it is my opinion that the value adjustment board may review petitions filed by taxpayers to adjust the market value of currently-owned property, whether such petition seeks an increase or decrease in valuation.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 192.001(2), Fla. Stat.
[2] Section 4, Art. VII, Fla. Const.
[3] Section 193.011(1) — (8), Fla. Stat.
[4] Section 6(a), Art. VII, Fla. Const., states:
"Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of twenty-five thousand dollars and, for all levies other than school district levies, on the assessed valuation greater than fifty thousand dollars and up to seventy-five thousand dollars, upon establishment of right thereto in the manner prescribed by law. . . ."
[5] Section 4(d), Art. VII, Fla. Const.
[6] Section 4(d)(1)-(8), Art. VII, Fla. Const.
[7] See Amended C.S. for S.J.R. 2-D, Laws of Fla. (2007), adopted 2008.
[8] Section 194.032(1)(a), Fla. Stat.
[9] Section 194.032(1)(b), Fla. Stat.
[10] See Florida Department of Revenue Form DR-486 (R. 12/96), "Petition to Value Adjustment Board."
[11] Section 194.011(3)(d), Fla. Stat. Seealso s. 200.069(1), Fla. Stat., requiring the property appraiser to prepare and deliver by first-class mail to each taxpayer to be listed on the current year's assessment roll a notice of proposed property taxes.
[12] Section 200.069(7), Fla. Stat.
[13] But see s. 194.011(6)(d), Fla. Stat., stating: "In hearing the appeal in the county where the new homestead is located, that value adjustment board shall consider the decision of the value adjustment board in the county where the previous homestead was located on the issues pertaining to the previous homestead and on the amount of any assessment reduction for which the taxpayer qualifies." (e.s.)
[14] Section 194.301(2), Fla. Stat.
[15] As amended by s. 1, Ch. 2009-121, Laws of Fla.